**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Jonnie R. WILLIAMS, et al., Defendants.**

**Civ. A. No. 93–12789–JLT.**

United States District Court, D. Massachusetts.

April 17, 1995.

Robert B. Barry, Dennis R. Suprenant, James B. Adelman, D. Robert Cervera, David E. Butler, S.E.C., Boston, MA, for plaintiff S.E.C.

Robert Plotkin, Paul, Hastings, Janofsky & Walker, Washington, DC, for defendant Jonnie R. Williams.

Thomas L. Crotty, Jr., Jennifer W. Catlin, Kirkpatrick & Lockhart, Boston, MA, Jonathan Eisenberg, Kirkpatrick & Lockhart, Washington, DC, D. Lloyd MacDonald, Kirkpatrick & Lockhart, Boston, MA, for defendants Victor L. Kashner, Kashner Davidson Securities Corp., Byron L. Sanders.

William V. McDonough, Medford, MA, for defendant James A. Hannan.

John Sylvia, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for defendant Robert E. Baker.

## MEMORANDUM

TAURO, Chief Judge.

This case presents an issue of first impression in the First Circuit: whether S.E.C. actions for an injunction and disgorgement are subject to the five year statute of limitations of 28 U.S.C. § 2462, the general statute of limitations for government actions aimed at imposing a "fine, penalty, or forfeiture."

### I. Facts

The Securities and Exchange Commission filed suit against Victor Kashner and his firm, Kashner Davidson Securities, alleging that the defendants made false and misleading statements in the sale and marketing of certain stocks.[1] The complaint sought disgorgement of unlawfully obtained funds, and an injunction prohibiting future violations of the securities laws.[2]

The defendants have moved to dismiss, arguing that the S.E.C.'s suit is barred by the five year statute of limitations contained in 28 U.S.C. § 2462. Conceding the relevant dates, the S.E.C. contests the applicability of § 2462 to S.E.C. actions for injunctions and disgorgement.

### II. Analysis

■ As a general rule, statutes of limitations do not run against the United States. *Guaranty Trust Co. v. United States*, 304

---

1. The original complaint named four additional individual defendants. These defendants are no longer part of this case.

2. The complaint states separate claims under section 10(b) of the Securities Exchange Act of 1934, and Section 17(a) of the Securities Act of 1933. Because there is no reason, for the purposes of this motion, to distinguish among these claims, the court refers to these statutes collectively.

U.S. 126, 132, 58 S.Ct. 785, 788–89, 82 L.Ed. 1224 (1938). 28 U.S.C. § 2462 is an exception to that rule. It provides, in part, that:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued ...

28 U.S.C.A. § 2462 (West 1994).

Courts have construed § 2462 as a general statute of limitations applicable "to the entire federal government." *3M Co. (Minnesota Min. and Mfg.) v. Browner,* 17 F.3d 1453, 1461 (D.C.Cir.1994). This does not mean, however, that § 2462 applies to every action by any government agency. By the terms of the statute, the five year limitations period applies only to "suits or proceedings for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise." The immediate issue, therefore, is whether S.E.C. actions for disgorgement, and for injunctive relief in general, fit that description.

The defendants urge the court to adopt a broad reading of what constitutes a "penalty" for the purposes of § 2462. Citing Webster's Third New International Dictionary, the defendants submit that a penalty "is no more than a 'disadvantage, loss or hardship due to some action'." *See Defendants' Memorandum in Support,* at 12.

On its face, an S.E.C. injunction merely forbids future violations of the securities laws. In fact, however, the issuance of an injunction exposes the enjoined to a variety of regulatory disciplinary proceedings. As the defendants noted in their memorandum in support, "[a]n injunction serves as a predicate for license revocation or other actions against broker-dealers ... hardly a week goes by in which the Commission does not use an injunction to bar a broker from ever again being in the securities business." *Defendant's Memorandum in Support,* at 10.[3]

These "collateral consequences" notwithstanding, this court concludes that the equitable relief sought here does not qualify as a "penalty" within the terms of § 2462. In the context of § 2462, courts have consistently held that the government's claims for equitable relief "be subject to no time bar." *United States v. Incorporated Village of Island Park,* 791 F.Supp. 354, 368 (E.D.N.Y., 1992); *Federal Election Commission v. National Republican Senatorial Committee,* 877 F.Supp. 15, 21 (1995, D.D.C.) (noting that " 'statutes of limitations are not controlling measures of equitable relief' ") (quoting *Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946)); *S.E.C. v. Glick,* 1980 WL 1414 *2 (June 12, 1980, D.Nev.) (no statute of limitations applies where government seeks equitable relief).

Although aware of the significant consequences of an S.E.C. injunction, the court concludes that the S.E.C.'s request for injunctive relief is not a penalty for the purposes of § 2462. The controlling factor is the distinction between actions at law and actions in equity, not the potential harm that the remedy may cause the defendant.

■ With respect to the disgorgement requested by the S.E.C., the court notes that disgorgement actions are brought by the Commission pursuant to its power to seek injunctive relief. 15 U.S.C. § 78u; *S.E.C. v. Bilzerian,* 814 F.Supp. 116, 121 (D.D.C.1993), *aff'd.,* 29 F.3d 689 (D.C.Cir.1994). S.E.C. disgorgement, like all disgorgement actions, is designed to deprive a defendant of "ill-gotten gains." 29 F.3d at 696. A defining feature of the disgorgement action is that the amounts disgorged may not exceed the amount of the illicit gain. The S.E.C., in other words, will be called upon to prove the amount of the defendants' illegal gain, and the court's authority to order disgorgement will extend no further. *S.E.C. v. Mac-Donald,* 699 F.2d 47, 54 (1st Cir.1983). This marked limitation on the court's authority emphasizes the remedial nature of the disgorgement action.

Furthermore, courts have consistently distinguished disgorgements from penalties. *S.E.C. v. Lorin,* 869 F.Supp. 1117, 1122

---

**3.** · Broker-dealers may be called to appear before administrative law judges in S.E.C. proceedings. 15 U.S.C. § 78*o* (b)(4). At these proceedings, the ALJ may consider the existence of an injunction in establishing an appropriate sanction. 15 U.S.C. § 78*o* (b)(4)(C).

(S.D.N.Y., 1994) (citing cases). In *Bilzerian, supra,* the D.C. Circuit rejected the argument that disgorgement implicated double jeopardy concerns. *Bilzerian,* 29 F.3d at 696. In holding that a post-conviction disgorgement action did not violate the double jeopardy clause of the Fifth Amendment, the court specifically noted the remedial nature of the disgorgement action. *Id.* Along the same lines, other courts have refused to consider disgorgement a penalty in determining the right to a jury trial under the Seventh Amendment. *S.E.C. v. Commonwealth Chem. Sec., Inc.,* 574 F.2d 90 (2d Cir.1978); *S.E.C. v. Rind,* 991 F.2d 1486, 1493 (9th Cir.1993).

The defendants have cited a single context in which courts have classified disgorgement as a penalty. In seeking to avoid discharge in bankruptcy, government agencies, including the S.E.C., have sometimes asked courts to classify disgorgement awards as non-dischargeable penalties. In this context, courts have focused on the potential deterrent effects of disgorgement, and have classified disgorgement awards as non-dischargeable penalties under § 527 of the Bankruptcy Code. *See e.g., Cisneros v. Cost Control Marketing & Sales Management of Virginia, Inc.,* 862 F.Supp. 1531 (W.D.Va.1994).

The bankruptcy cases cited by the defendants stand for the limited proposition that the deterrent effects of disgorgement, whatever these may be, implicate the non-dischargeability provisions of the bankruptcy code. These decisions do not affect the fundamental premise that steers the analysis of this case. Disgorgement is an equitable action, and the statute of limitations contained in § 2462 does not apply to injunctive relief.

Finally, the court notes that the absence of a statute of limitations for S.E.C. injunctive relief does not give the agency the unfettered power alluded to by the defendants in their briefs. The commission's ability to obtain injunctive relief depends upon the court's willingness to exercise its equitable powers. This, in turn, will depend upon a wide variety of factors. These factors include, but are not limited to, the effect of the injunction upon the defendant, the interest of the public in seeing the defendant enjoined from future trading, and the probability that an unenjoined defendant will re-engage in the conduct at issue. *S.E.C. v. Glick,* 1980 WL 1414, *2 (June 12, 1980, D.Nev.). Though free from the constraints of a statute of limitations, the agency must nevertheless persuade the court that injunctive relief is in the public interest.

### III. Conclusion

The injunctive relief sought by the Securities and Exchange Commission is, by definition, remedial. As such, the relief requested cannot be classified as a penalty under the terms of 28 U.S.C. § 2462. The defendants' motion to dismiss is therefore denied.

An order will issue.